AARON H. COLE, CA Bar No. 236655
aaron.cole@ogletree.com
VI N. APPLEN, CA Bar No. 273623
vi.applen@ogletree.com
STACEY M. SHIM, CA Bar No. 305911
stacey.shim@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

Attorneys for Defendant
KRAFT HEINZ FOODS COMPANY, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA VELASCO, as an individual, and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KRAFT HEINZ FOODS COMPANY, LLC, a Pennsylvania limited liability company; and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | Case No. 3:24-cv-8840<br><br>**DEFENDANT KRAFT HEINZ FOODS COMPANY, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[Filed concurrently with Civil Cover Sheet; Notice of Pendency of Other Action or Proceeding; Certification of Conflicts and Interested Entities or Persons; Declaration of Kira Beeson in Support of Removal; Declaration of Vi Applen in Support of Removal; and Declaration of Courtney Ofosu in Support of Removal]<br><br>Complaint Filed: September 17, 2024<br>FAC Filed: November 8, 2024 |

1　　　　　　　　　　　　　　　　　　　Case No. _____
DEFENDANT KRAFT HEINZ FOODS COMPANY, LLC'S
NOTICE OF REMOVAL OF CIVIL ACTION TO US DISTRICT COURT

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF MARIA VELASCO AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT defendant Kraft Heinz Foods Company, LLC ("KHFC" or "Defendant"), by and through the undersigned counsel, hereby remove the above-entitled action from the Superior Court of the State of California for the County of Contra Costa to the United States District Court for the Northern District of California pursuant to 28 U.S.C. Sections 1332, 1441(a) and 1446. In support of such removal, Defendant states as follows:

## I.   PROCEDURAL BACKGROUND

1. On September 17, 2024, Plaintiff Maria Velasco ("Plaintiff") filed a putative Class Action Complaint in the Superior Court of the State of California for the County of Contra Costa, entitled, "*Maria Velasco, as an individual, and on behalf of all others similarly situated, Plaintiff vs. Kraft Heinz Foods Company, LLC, a Pennsylvania limited liability company; and DOES 1 through 100, inclusive, Defendants,*" Case No. C24-02489. (*See* Declaration of Vi Applen ("Applen Decl."), ¶ 2.)

2. On November 8, 2024, Plaintiff filed and served the operative First Amended Complaint ("Complaint") that added a ninth cause of action seeking civil penalties under the Private Attorneys General Act (Labor Code § 2698 *et seq*). Plaintiff's Complaint alleges the following nine causes of action: (1) Minimum Wage Violations (Labor Code §§ 1182.12, 1194, 1194.2 and 1197); (2) Failure to Pay All Overtime Wages (Labor Code §§ 204, 510, 558, 1194, and 1198); (3) Meal Period Violations (Labor Code §§ 226.7 and 512); (4) Rest Period Violations (Labor Code §§ 226.7 and 516); (5) Waiting Time Penalties (Labor Code §§ 201-203); (6) Wage Statement Violations (Labor Code §§ 226, *et seq.*); (7) Unfair Competition (Labor Code §§ 17200, *et seq.)*; (8) Failure to Reimburse for Necessary Business Expenses (Labor Code § 2802); and (9) civil penalties under the Private Attorneys

General Act (Labor Code § 2698 *et seq*) (*Id.*, ¶ 4.) (*See* Complaint, Caption.)

3. The summons and original complaint were served on Defendant on October 15, 2024. (*Id.*, ¶ 3.) Defendant received service of the operative First Amended Complaint on November 8, 2024. (*Id.*, ¶ 4.) Pursuant to 28 U.S.C. § 1446(a), a true and copy of any and all process, pleadings, and orders served upon Defendant is attached as **"Exhibit A"** and **"Exhibit B"**, filed concurrently herewith. This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because Defendant has removed this action within 30 days of being served with the Complaint.

## II.    CLASS ACTION FAIRNESS ACT JURISDICTION

### A.    Basis of Original Jurisdiction.

4. The Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). As such, this action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441, 1446 and 1453.

### B.    Number of Putative Class Members.

5. Plaintiff alleges this putative class action on behalf of "[a]ll current and former non-exempt employees of Defendant in California during the four years immediately preceding the filing of this lawsuit through the present." (Compl., ¶20). Thus, assuming that the putative class, as defined by Plaintiff's Complaint, comprises all non-exempt employees employed by Defendant in California at any time from September 17, 2020, to the present, the putative class includes at least 2,493 persons. (Declaration of Kira Beeson ("Beeson Decl.") ¶ 5.) Although Defendant denies that class treatment is appropriate, Plaintiff's proposed class, if certified, would consist of more than 100 members.

C. **Diversity of the Parties.**

6. The minimal diversity requirement of 28 U.S.C. 1332(d) is met in this action because the citizenship of at least one class member is diverse from the citizen of at least one defendant. *Id*. at (d)(2)(A). Plaintiff, a putative class member, is a citizen of the State of California.

7. The citizenship of a limited liability company for diversity purposes is determined by examining the citizenship of each member of the company. *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006). Defendant KHFC's sole member is Kraft Heinz Intermediate Corporation II, which is a corporation. (Declaration of Courtney Ofosu ("Ofosu Decl."), ¶ 3.) A corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend* (2010) 559 U.S. 77, 80 (the principal place of business is "where the corporation's officers direct, control and coordinate the corporation's activities"). Kraft Heinz Intermediate Corporation II is a Delaware corporation with a principal place of business in Pittsburgh, Pennsylvania. (*Id*.) Thus, Defendant is a citizen of Delaware and Pennsylvania – not California, and there is accordingly minimal jurisdiction under CAFA. See 28 U.S.C. § 1332(d)(2)(A); *Hertz*, 130 S. Ct. at 1192; *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1230 n.2 (9th Cir. 2011).

D. **Amount In Controversy.**

8. Based on the allegations in the Complaint, the alleged amount in controversy exceeds, in the aggregate, Five Million Dollars ($5,000,000), as demonstrated below.

9. **Third Cause of Action – Failure to Provide Meal Periods.** Plaintiff alleges: "Plaintiff and other non-exempt employees were rarely, if ever, entitled to exercise the use of a thirty-minute uninterrupted meal period despite always working at least 8.0 hours a day. Rather, Plaintiff and other non-exempt employees' meal periods were frequently i) missed entirely; ii) shortened; iii) not exercised until after

the fifth hour worked; and or iv) interrupted by management to discuss work-related matters.  (Compl., ¶ 13.)  Plaintiff further alleges: "Defendants did not permit Plaintiff and other non-exempt employees to leave the premises of their job-sites at any point during their shifts." (*Id.*)  Plaintiff continues to allege: "Defendants also failed to provide second meal periods when Plaintiff and other non-exempt employees worked shifts in excess of 10.0 hours." (*Id.*)  Plaintiff concludes by alleging: "Defendants never provided Plaintiff and other non-exempt employees with an hour of pay at their regular rate for each meal period violation as required by Labor Code § 226.7.  (*Id.*)

10. **Fourth Cause of Action** – **Failure to Provide Rest Periods.**  Plaintiff alleges: "Due to Defendants' chronic and intentional understaffing of the facilities that Plaintiff and other non-exempt employees worked at, Plaintiff and other non-exempt employees were generally not permitted to exercise any complaint duty-free rest periods." (Compl., ¶ 12.)  Plaintiff further alleges: "As such, Plaintiff and other non-exempt employees were made to work through their entire shifts except for those rare occasions they were afforded meal periods without any time to exercise rest periods." (*Id.*)  Plaintiff continues to allege: "Furthermore, to the extent that Plaintiff and other non-exempt employees were ever authorized to exercise anything resembling a legally compliant rest period, they were not permitted to leave the facility thus making any rest periods that Defendant purported to have provided her inherently on-duty and non-compliant." (*Id.*)  Plaintiff further alleges: "Accordingly, Plaintiff and other non-exempt employees endured rest periods violations, whether they were missed, short or on-duty on most, if not all, shifts that they worked for Defendants." (*Id.*)  Plaintiff concludes by alleging: "Despite Defendants' failure to authorize and permit Plaintiff and other non-exempt employees to take all lawful paid rest periods, due to their uniform and unlawful practices, Defendants never provided Plaintiff and other non-exempt employees with an hour of pay at their regular rate of pay for each rest period violation as required by Labor Code § 226.7."

(*Id.*)

11.     Plaintiff further alleges that the failure to provide meal and rest periods alleged in the Third and Fourth Causes of Action constitutes unfair competition within the meaning of Business and Professions Code Section 17200. (Compl., ¶ 51-56.)  The statute of limitations for such a claim is four years. Cal. Bus. & Prof. Code § 17208 ("Any action to enforce any cause of action pursuant to this chapter shall be commenced within four years after the cause of action accrued"); *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal.4th 163, 178-179 (2000) (the four-year statute of limitations applies to any UCL claim, notwithstanding that the underlying claims have shorter statutes of limitation).

12.     Based on a review of Defendant's business records, putative class members worked approximately 907,455 work days over 3.5 hours during the four-year period, and putative class members worked approximately 898,194 work days over 5 hours during the four-year period, and received an average base hourly rate of $22.61. (Beeson Decl. ¶¶ 6-7).

13.     Assuming, *arguendo*, the truth of Plaintiff's allegations, putative class members are entitled to recover at least $4,061,633 for unpaid meal period premium pay, assuming a conservative twenty percent (20%) violation rate: $22.61 (average base hourly rate for putative class members during the four-year period) x 898,194 (work days over 5 hours worked by putative class during the applicable four-year period) x 20% (assumed violation rate) = $4,061,633

14.     Assuming, arguendo, the truth of Plaintiff's allegations, putative class members are entitled to recover at least $4,103,512 for unpaid rest period premium pay, assuming a conservative twenty percent (20%) violation rate: $22.61 (average base hourly rate for putative class members during the four-year period) x 907,455 (work days over 3.5 hours worked by putative class during the applicable four-year period) x 20% (assumed violation rate) = $4,103,512

15.     **Fifth Cause of Action – Wages Not Timely Paid Upon Termination.**

Plaintiff alleges that: "Defendants additionally failed to pay all wages owed to Plaintiff and the other non-exempt employees upon their separation of employment from Defendants, in part due to Defendants' failure to pay all minimum/overtime/double time wages, and meal and rest period premium wages. (Compl., ¶ 17.)  Plaintiff further alleges that: "as a matter of uniform policy and practice, Defendants continue to fail to pay members of the Waiting Time Class all earned wages at the end of employment in a timely manner pursuant to the requirements of Labor Code §§ 201-203." (*Id.*, ¶ 45). Plaintiff continues to allege: "Defendants' willful failure to timely pay Plaintiff and the Waiting Time Class their earned wages upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. (*Id.*, ¶ 46).  The statute of limitations for waiting time penalties under Labor Code §§ 201-203 is three years. *See* Cal. Code of Civ. Proc. § 338(a).

16. Based on a review of Defendant's business records, 925 putative class members were terminated during the three-year period from September 17, 2021 to August 8, 2024. (Beeson Decl. ¶ 8). These putative class members worked an average of 8.23 hours per day during their employment, and earned an average hourly wage of $21.95. (*Id.*; Beeson ¶ 8).

17. Assuming, arguendo, the truth of Plaintiff's allegations, and assuming conservatively that each of the terminated putative class members did not receive at least one (1) fully compliant meal or rest break during the tenure of their employment and were not paid the meal or rest period premium pay in lieu thereof, the terminated putative class members are entitled to recover at least $5,012,996 in waiting time penalties: $21.95 (average base hourly rate) x 8.23 (average 8.23 hour work day) x 30 (maximum days of penalty pay) x 925 (number of putative class members terminated during three-year period) = $5,012,996

E.    **Summary of Amount in Controversy.**

18.   Defendant has denied all the material allegations of the Complaint and disputes all liability and Plaintiff's entitlement to any recovery. Given Defendant's denial, as set forth above, the Complaint places in actual controversy more than the required $5 million for purposes of removal under CAFA, even without considering the amounts placed in controversy by the other alleged claims (unpaid wages and business expenses) and attorney fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (attorneys' fees may properly be included in calculation of the amount of controversy where an underlying statute authorizes an award of attorneys' fees).

| Claim | Amount in Controversy |
|---|---|
| Unpaid Meal Premiums | $4,061,633 |
| Unpaid Rest Premiums | $4,103,512 |
| Waiting Time Penalties | $5,012,996 |
| Total | $13,178,141 |

Accordingly, removal of this action under CAFA is proper under Section 1332(d).

III.   **COMPLIANCE WITH OTHER REMOVAL REQUIREMENTS**

19.   As required by 28 U.S.C. § 1446, this Notice of Removal is filed in the district court of the United State in which the action is pending. The state court action was pending in the Contra Costa County Superior Court, which is located within the boundaries of this Court. Thus, venue is proper in this Court. 28 U.S.C. § 1441(a).

20.   As required by 28 U.S.C. § 1446, Defendant hereby provides this Court with copies of all process, pleadings and orders received by Defendant in this action (attached as "**Exhibit A**" and "**Exhibit B**"), Defendant has not received any pleadings, process or orders besides those attached.

21. WHEREFORE, Defendant removes this action to this Court.

DATED: December 9, 2024

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Vi N. Applen
Aaron H. Cole
aaron.cole@ogletree.com
Vi N. Applen
vi.applen@ogletree.com
Stacey M. Shim
stacey.shim@ogletree.com

Attorneys for Defendant
KRAFT HEINZ FOODS COMPANY, LLC